EXPRESSIVE ASSOCIATION
FREDERICK MARCELES COOLEY
P.O. BOX 4575
VALLEJO, CA 94590
(510) 512-3938
IN PRO SE



FILED
DEC - 4 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

2:14 - CV - 2 8 2 4 TLN AC PS

FREDERICK MARCELES COOLEY,

    Plaintiff,

vs.

CITY OF VALLEJO, et. al.,

    Defendant

Case No.

**CIVIL RIGHTS COMPLAINT PURSUANT TO U.S.C. SECTION 1983 AND DEMAND FOR JURY TRIAL**

## CLAIMS

1. White defendant Vallejo Police Officers Dustin Joseph, David McLaughlin violated Plaintiff's rights under the Fourth Amendment of the United States Constitution and California State law when officers stopped innocent, unarmed, non-threatening black adult male Plaintiff in his travel while driving without reasonable suspicion or probable cause to conduct a vehicle stop and at gun point defendant officers conducted a suspicionless and harassing search of plaintiff's person and vehicle, unlawfully arrested and incarcerated Plaintiff, subjected Plaintiff to excessive force, assault and battery, unlawfully impounded Plaintiff's vehicle, falsified and fabricated police reports, maliciously prosecuted Plaintiff and retaliated against Plaintiff in violation of his First Amendment rights. Terry v. Ohio, 392 U.S. 1 (1968); Liberal v. Estrada, 632 F.3d 1064 (9th Cir. 2011); Florida v. Royer, 460 U.S. 49 (1983); U.S. v. Mendenhall, 446 U.S. 544 (1980); Devdenpeck v. Alford, 543 U.S. 146 (2004);

La Londe v. County of Riverside; 204 F.3d 947 (9th 2000); Tekle v. United States, 511 F.3d 839 (9th Cir. 2007);. U.S. v. Cervantes, 678 F.3d 798 (9th Cir. 2012); Dietrich v. John Asuagas Nugget, 548 F.3d 892 (9th Cir. 2008).

2. The City of Vallejo is liable for actions of Defendants Joseph and McLaughlin because the City has a longstanding, practice, policy or custom of allowing police officers to use excessive force. Hunter v. County of Sacramento, 652 F.3d 1225 (9th Cir. 2011).

3. Plaintiff is engaging in "Expressive Association" with his father/legal assistant "Frederick Marc Cooley" and Plaintiff requests that the Court recognizes his relationship with his legal assistant is protected by the First Amendment of the United States Constitution. Blaisdell v. Frappiea, 729 F.3d 1237 (9th Cir. 2013).

## STATEMENT OF CLAIMS

On June 10, 2014, at approximately 10:40 p.m., innocent unarmed and non-threatening 24 year old black male Plaintiff Frederick Marceles Cooley was driving with valid California driver's license to a local grocery store (Safeway) located at 709 Lincoln Road West in Vallejo, California 94590 to purchase food items. While traveling west bound on Georgia Street, Plaintiff merged into the left turning lane and stopped for the red signal light. Once the light signal green to make the left turn, Plaintiff made a left hand turn at Georgia Street and 14th Street. As Plaintiff was making the left turn he observed a City of Vallejo Police vehicle traveling north bound on 14th Street. Plaintiff observed two Vallejo Police Officers in the vehicle as he drove past the police vehicle. Approximately 30 yards away Plaintiff made a left hand turn into the north side Safeway parking lot and proceeded through the parking lot to south side due the store entrance only allowed custom access on the south side. As Plaintiff

1   legally parked he observed a Vallejo Police vehicle traveling at a high rate of speed
2   through the parking lot with their emergency lights on stopped Plaintiff's vehicle.
3   Defendants Dustin Joseph and David McLaughlin both exited the vehicle yelling turn
4   of the fucking vehicle and put your hands on the steering wheel. Plaintiff complied.
5   Defendant Joseph approached Plaintiff's vehicle on the passenger side and Defendant
6   McLaughlin approached on the driver's side. Upon approaching Plaintiff's passenger
7   side window pointing his gun at Plaintiff, Defendant Joseph yelled "if you move I will
8   blow your fucking head off". Pointing his gun at Plaintiff Defendant McLaughlin
9   ordered Plaintiff to step out of the vehicle and subsequently Defendants Joseph and
10  McLaughlin both placed Plaintiff in handcuffs. Defendants Joseph and McLaughlin
11  both pat searched and searched Plaintiff's person including inside his pockets with
12  negative results of criminal activity. During the search Defendant Joseph stated "you
13  think you are smart filing a lawsuit on me". Defendants pointed guns at Plaintiff for
14  approximately 10 minutes, then placed Plaintiff in the back of their police vehicle and
15  search the inside Plaintiff's vehicle including under the hood with negative results of
16  criminal activity. Plaintiff complained that the handcuffs were too tight and were
17  hurting him. Defendant Joseph and McLaughlin ignored Plaintiff's complaints that
18  the handcuffs were to tight causing extreme pain and numbness for over an hour
19  before removing the handcuff. Defendants Joseph and McLaughlin made the unlawful
20  decision to impound Plaintiff's vehicle without a caretaking reason to impound.
21  Plaintiff was subsequently booked in the Solano County Detention Center for
22  possession of a controlled substance. Defendant D. McLaughlin falsified and
23  fabricated a police report stating that he (D. McLaughlin) and Defendant Dustin
24  Joseph elected to conduct a vehicle stop on Plaintiff's vehicle because they observed
25  Plaintiff drive past the defendants with front window tinting and that he discovered a
26  controlled substance during a search of the Plaintiff's vehicle. The Plaintiff's windows
27  did not have or has ever had front window tint and he was not in the possession of
28

controlled substance. On June 11, 2014, Solano County District Attorney's Office declined to file new charges against Plaintiff but they elected to file notice of a probation revocation against Plaintiff for being in possession of a controlled substance. On September 12, 2014, the Solano County District Attorney's Office decided to abandon their allegation that Plaintiff possessed a controlled substance because Plaintiff was not in possession of a controlled substance and Plaintiff's misdemeanor court probation was reinstated.

Plaintiff is a member of a group of people and associate with City of Vallejo residents who have sought, is seeking and/or will seek vindication of their Fourth Amendment rights not to be subjected to unnecessary and excessive use of force by Vallejo Police Officers. Group members are the following:

1. African American Alfred James Foy currently litigating claims against City of Vallejo, Vallejo Police Officers J. Bauer, J. Huff, S. Yates, J. Whitney, and Fairfield Police Officer J. Williams in Foy v. City of Vallejo, 2:11-cv-03262 MCE-CMK, et., al., alleging officers deployed his taser in dart mode into plaintiff's arm while in a prone position, mauled by police dog, kicked and beat Plaintiff with baton and/or flashlight resulting in Foy receiving approximately17 staples in the crown of his head, a broke jaw, a broke ankle, knocked unconscious and other injuries.

2. African American Frederick Marc Cooley, in pro se, settled claims against City of Vallejo, Vallejo Police Officers Eric Jensen and Sean Kenney in Cooley v. City of Vallejo, et., al., 2:12-cv-00591-LKK-AC, alleging officers beat Cooley with a flashlight breaking his hand and other injuries.

3. African American Anthony Tyrone Garrison currently litigating claims against City of Vallejo, Vallejo Police Officers Bautista in Garrison v. City of Vallejo, et., al., 2:13-cv-00479-JAM-KJN alleging Bautista kicked Plaintiff in the face while he lay down on the ground in a prone position.

4. African American Tyrone Jerome Hicks currently litigating claims against City of Vallejo, Vallejo Police Officers Sean Kenney and Postolaki in Hicks v. City of Vallejo, et., al., 2:14-cv-0669-LKK-DAD, alleging that officer Kenney choked and restrained Plaintiff in to tight handcuffs, unlawfully arrested him, unlawfully impounded his vehicle and initiated a malicious prosecution against him and Postolaki failed to intercede.

5. African American Leon Jerome Martin currently litigating claims against City of Vallejo, Vallejo Police Officers P. Messina, T. Agustin, J. Huff and J. Bauer in Martin v. City of Vallejo, et., al., 2:14-cv-0554-JAM-DAD, alleging that officer P. Messina without warning deployed his taser in "dart mode" into Plaintiff's person, sprayed pepper spray into Plaintiff's face, released a K-9 onto Plaintiff's person mauling him in the face and body and beat Plaintiff with a flashlight. Officers T. Agustin, J. Huff and J. Bauer all punched and kicked Plaintiff while he was in a prone position.

6. African American Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officers Brett Clark and Dustin Joseph in Cooley v. City of Vallejo, et., al., 2:14-cv-00620-TLN-KJN, alleging that Defendant Joseph without warning intentionally deployed his taser in "dart mode" into Plaintiff forehead inches away from his right eye.

1      7. African American Frederick Marceles Cooley currently litigating claims against City of Vallejo, Vallejo Police Officer William Badour in Cooley v. City of Vallejo, et., al., 2:14-cv-00241-MCE-DAD, alleging that Defendant Badour placed Plaintiff in handcuffs extremely tight and refused to loosen the handcuffs after Plaintiff complained for approximately one hour.

    8. African American Latasha Nicole Creer currently litigating claims against City of Valljeo Police Officers Knight, Long, Martinez, and Does 1-20, alleging that she was illegally detained and subjected to excessive force when officers detained her without reasonable suspicion or probable cause to detain her at gun point.

    9. African American married couple Marvin and Pamala Gilliam currently litigating against City of Vallejo Police Officers, Joe McCarthy and Jerome Bautista #560, subjected to excessive force while being detained and arrested.

    In each of these cases, Frederick Marc Cooley is not a licensed attorney but he provides legal assistance that consist of but is not limited to researching case law, rules of the Court etc.., preparing and filing court documents, preparing and filing court documents, preparing legal correspondence, assisting in the discovery process, assisting in identifying discovery discrepancies, assisting during conferences between parties and the court and assisting during any trial or hearing set by the court. Plaintiff and his legal assist are engaging in "expressive association" protected by the First Amendment of the United States Constitution. See NAACP v. Button, 371 U.S. 415 (1963); Boy Scouts of America v. Dale, 530 U.S. 640 (2000); Rizzo v. Dawson, 778 F.2d 527; Blaisdell v. Frappiea 729 F.3d 1237 (9th Cir. 2013).

On August 23, 2013, Vallejo Police Officers Eric Jensen and Jason Potts were found liable in § 1983 action entitled Deocampo , et., al., v. Potts, et., al., 2:06:0283-WBS-CMK, for subjecting Deocampo to the use unnecessary and excessive force resulting in a monetary jury award.

In consideration of the totality of information, Plaintiff's personal experience and associations, Plaintiff believes and intends to prove that the City of Vallejo has a longstanding practice, pattern, policy or custom of allowing Vallejo Police Officers to use excessive force. Plaintiff further believes and intends to prove that City Police officers have injured and killed numerous citizens in 2001-2013 and none of the officers involved have been disciplined or retrained. Plaintiff also believes and intends to prove that members of the Vallejo Police Department, including Defendants Joseph and McLaughlin have engaged in a repeated practice of unreasonably detaining and using excessive force against individuals including plaintiff. As a matter of official policy "rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Vallejo, the City of Vallejo has allowed its citizens to be abused by police officers. Moreover, Defendant Joseph, and Mclaughlin actions reflect a municipal practice, pattern, policy or custom.

At all times mentioned Defendant Dustin Joseph was employed as a Vallejo Police Officer and acting under the color of state law and is liable in his individual capacity.

At all times mentioned Defendant David McLaughlin was employed as a Vallejo Police Officer and acting under the color of state law and is liable in his individual capacity.

Defendant City of Vallejo is the employer of Defendants Joseph and McLaughlin at all times mentioned is liable in its official capacity.

**RELIEF**

Plaintiff is seeking compensatory and punitive damages. He is also seeking damages for emotional distress and demands a jury trial. Therefore, Plaintiff will be requesting that the court allow him to litigate his claims under federal law.

Date 12/4/14

_____
PLAINTIFF

**DECLARATION**

I declare under penalty of under the laws of the United States of America that the foregoing statements are true and correct.

Date 12/4/14

_____
DECLARANT