UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-02824-TLN-AC<br><br><br><br>ORDER |

This matter is before the undersigned pursuant to Local Rule 302(c)(21).  Currently before the court is a motion for substitution filed on May 29, 2015, by Frederick Marc Cooley, the biological father of the now-deceased plaintiff Frederick Marceles Cooley.[1]  ECF No. 13.  Defendants filed an opposition to that motion on June 5, 2015, ECF No. 15, and Mr. Cooley filed a reply on June 10, 2015, ECF No. 16.

According to Federal Rule of Civil Procedure 25(a) when a party dies a motion for substitution may be made by the decedent's successor or representative within 90 days as long as the claim is not extinguished.  Fed. R. Civ. P. 25(a).  Defendants' opposition does not argue that Decedent's claims were extinguished, or that Mr. Cooley's motion was not timely.  Instead,

---

[1] In light of the similarities between the names of the now-deceased plaintiff and Frederick Marc Cooley, the court will refer to the former as "Decedent" and the latter as "Mr. Cooley" for the remainder of this order.

1

defendants argue that Mr. Cooley is not the proper legal representative for Decedent's claims. ECF No. 15 at 1.

The party seeking to bring a survival action bears the burden of establishing that he is a proper party under California law. See Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369–70 (9th Cir. 1998), as amended (Nov. 24, 1998).  California Civil Procedure Code § 377.30 addresses who is a proper party in the following terms:

> A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to [the California Probate Code] . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.

In other words, the proper party is the personal representative for the estate, unless there is no personal representative, in which case the proper party is the decedent's successor in interest. Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (citing Cal. Code Civ. Proc. §§ 377.20, 377.32 ).  "The 'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate.  The personal representative may be the executor, who is the person named as such in the decedent's will, or it may be the successor to the executor, or an administrator appointed by the court where the decedent died without a will naming an executor." Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore, 76 Cal. Rptr. 3d 649, 658 n.2 (2008).

A successor in interest, on the other hand, is (1) "the beneficiary of decedent's estate" or (2) any "other successor in interest who succeeds to a particular item of the property that is the subject of a cause of action." Cal. Code of Civ. P. § 377.11.  California law defines "beneficiary of the decedent's estate" itself in the following manner:

> (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.
>
> (b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code . . . .

Cal. Civ. Proc. Code § 377.10.  Parents of a decedent who died intestate inherit only if the decedent has no surviving spouse/domestic partner and no issue (children), in which case the parents take equally.  Cal. Prob. Code § 6402(a)–(b).

In order to establish that he is a proper party in accordance with the foregoing, a movant must "execute and file an affidavit or a declaration under penalty of perjury" providing specific types of information.  Cal. Code of Civ. P. § 377.32(a).  Such required information must include a statement, "with facts in support thereof," that "[t]he affiant or declaration is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."  Id. § 377.32(a)(5)(A).

The court finds that although Mr. Cooley's motion does include some relevant information it is ultimately insufficient to establish that he is a proper party.  Mr. Cooley states in his motion that there is currently no proceeding pending for the administration of plaintiff's estate in California Probate Court, and does not claim to be Decedent's personal representative.  ECF No. 13-2 at 1.  Instead, Mr. Cooley asserts that he is "Decedent's successor in interest []as defined in Section 377.11 of the California Code of Civil Procedure."  Id.  However, Mr. Cooley does not include the facts required to show he is Decedent's successor in interest.  First, Mr. Cooley does not state whether Decedent died with a will.  Even if the court inferred an assertion on Mr. Cooley's part that Decedent died intestate, he does not include any facts showing that he made an effort to find whether a will actually exists.  In addition, although Mr. Cooley states that he was Decedent's father he does not include any information on other family members that would stand to benefit from Decedent's estate before him, such as a surviving spouse, domestic partner, or any children.  The court also notes that Decedent's birth certificate lists Decedent's mother as "Celestein Lavonda Tyson."  ECF No. 13 at 4.  Unless Ms. Tyson has died or disclaims any interest in Decedent's claims in this litigation, Ms. Tyson and Mr. Cooley would both be successors in interest, and would both have to substitute in as plaintiffs.

The court will deny Mr. Cooley's motion and give him an opportunity to file an amended motion for substitution.  However, any amended motion should include not only a statement showing that Mr. Cooley is Decedent's successor in interest, but facts in support of that assertion.

3

1  For example, Mr. Cooley's contentions concerning Decedent's surviving family members should
2  include details regarding a public records search.  Mr. Cooley should also specifically state
3  whether or not Ms. Tyson is still alive and the factual basis for such knowledge.  If Ms. Tyson is
4  still alive, she must either join in any motion to substitute, or Mr. Cooley must submit a
5  declaration from Ms. Tyson under penalty of perjury stating that she disclaims any interest she
6  may have with respect to Decedent's claims in this litigation.
7      In accordance with the foregoing, THE COURT HEREBY ORDERS that Mr. Cooley's
8  motion to substitute, ECF No. 13, is DENIED without prejudice.  Plaintiff has until July 24, 2015,
9  to file an amended motion for substitution.
10 DATED: June 23, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE