UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY, | No. 2:14-cv-02824-TLN-AC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently before the court is an amended motion for substitution filed on July 22, 2015, by Frederick Marc Cooley and Celestein Lavonda Tyson, the biological parents of the now-deceased plaintiff Frederick Marceles Cooley.[1] ECF No. 13. Defendants filed an opposition to that motion on August 4, 2015. ECF No. 21. On August 19, 2015, the court took the Parents' motion under submission. ECF No. 22.

On April 23, 2015, defendants filed a statement that Decedent had died. ECF No. 11. The next day, the court ordered Decedent's successor or representative to file a Motion for Substitution within 90 days or face dismissal of this action. ECF No. 12. The court noted in its

---

[1] In light of the similarities between the names of the now-deceased plaintiff and Frederick Marc Cooley, the court will refer to the former as "Decedent" and the latter as "Mr. Cooley" for the remainder of this order. The court will also refer to Ms. Tyson and Mr. Cooley collectively as "the Parents."

1

1  order that Decedent's claims were not extinguished by his death.  Id.  Mr. Cooley then filed a
2  motion for substitution on May 29, 2015, arguing that as Decedent's biological father he was the
3  successor in interest.  ECF No. 13.  The court denied Mr. Cooley's motion without prejudice on
4  June 24, 2015, explaining that Mr. Cooley had not established he was the successor in interest
5  pursuant to California law, which states that parents of a decedent who died intestate inherit only
6  if the decedent has no surviving spouse/domestic partner and no issue (children).  ECF No. 17 at
7  3 (citing Cal. Prob. Code § 6402(a)–(b)).

8       On July 22, 2015, the Parents filed the instant amended motion for substitution.  ECF No.
9  18.  As Decedent's biological parents, the Parents claim to be his successors in interest.  Id.
10 However, the evidence submitted along with their motion actually refutes their claim.  The
11 declarations of Mr. Cooley and Ms. Tyson, as well as the report of an investigator retained by Mr.
12 Cooley to investigate Decedent's affairs, indicate that Decedent died without a will and was not
13 married at the time of his death, but that he is survived by a three-year-old son, Frederick
14 Marceles Cooley, Jr.  ECF No. 18 at Exhibit A, B, and C.  As the court explained in its June 24,
15 2015, order, under the California Probate Code parents of a decedent who died intestate (without
16 a will) inherit only if the decedent has no surviving spouse/domestic partner and *no issue*
17 *(children)*.  ECF No. 17 at 3.  Because Decedent is survived by a child his parents inherit nothing.
18 Instead, Frederick Marceles Cooley, Jr. is Decedent's proper successor in interest.  Therefore, the
19 court will deny the motion for substitution filed by the Parents because they are not Decedent's
20 successors in interest.

21      Although Frederick Marceles Cooley, Jr. is Decedent's successor in interest, he is a minor
22 and therefore does not have the capacity to step into Decedent's shoes and prosecute Decedent's
23 surviving claims.  The court could appoint a guardian ad litem for Frederick Marceles Cooley, Jr.,
24 but the guardian ad litem would have to retain a licensed attorney to prosecute the surviving
25 claims in federal court on behalf of a minor.  See Johns v. Cnty. of San Diego, 114 F.3d 874, 877
26 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor
27 child without retaining a lawyer.").

28      At this time, the 90-day period to file a motion for substitution has expired, subjecting

Decedent's claims to dismissal.  See Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").  Nevertheless, in light of the attempts to substitute that have been made thus far, the court will grant a limited extension of time to allow Frederick Marceles Cooley, Jr. to move for substitution.  Any such motion should be accompanied by a motion to appoint an appropriate guardian ad litem for Frederick Marceles Cooley, Jr. in accordance with Local Rule 202, Federal Rule of Civil Procedure 17, and other applicable law, and shall be filed by a licensed attorney who has been retained to prosecute the surviving claims and who files a notice of appearance as counsel in the actions.[2]

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. The Parents' amended motion to substitute, ECF No. 18, is DENIED.

2. Any motion for substitution by Frederick Marceles Cooley, Jr., accompanied by a motion to appoint a guardian ad litem, shall be filed by a licensed attorney in accordance with the terms of this order no later than November 8, 2015.

3. If a proper motion for substitution is not filed by November 8, 2015, the court will issue findings and recommendations for dismissal of this action.

DATED: October 9, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  Ms. Tyson states in her declaration that she would "nominate and consent to [Mr. Cooley] be[ing] guardian ad litem for our grandson Frederick Marceles Cooley, Jr."  ECF No. 18 at Exhibit B.  The court expresses no opinion on whether an application by Mr. Cooley to appear as Frederick Marceles Cooley, Jr.'s guardian ad litem would be granted.  However, neither Mr. Cooley nor Ms. Tyson can proceed as Frederick Marceles Cooley, Jr.'s guardian ad litem without retaining a licensed attorney to represent them in prosecuting Decedent's surviving claims.