UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARCELES COOLEY,

Plaintiff,

v.

CITY OF VALLEJO, et al.,

Defendants.

No. 2:14-cv-02824-TLN-AC

ORDER

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently before the court is the question of who, if anyone, will be substituted for plaintiff following his recent death.

On October 9, 2015, the court issued an order denying an amended motion for substitution filed by Frederick Marc Cooley and Celestein Lavonda Tyson, the biological parents of the now-deceased plaintiff Frederick Marceles Cooley.[1] ECF No. 23. The court's order explained that the Parents could not be substituted for the Decedent because they are not Decedent's successors in interest. Id.; see also Fed. R. Civ. P. 25(a) ("A motion for substitution may be made by any party *or by the decedent's successor or representative*." (emphasis added)). While the Parents

[1] In light of the similarities between the names of the now-deceased plaintiff and Frederick Marc Cooley, the court will refer to the former as "Decedent" and the latter as "Mr. Cooley" for the remainder of this order. The court will also refer to Ms. Tyson and Mr. Cooley collectively as "the Parents."

purported to be Decedent's successors in interest, the documents they submitted along with their motion established that they are not. ECF No. 23. Under the California Probate Code, parents of a decedent who died intestate (without a will) inherit only if the decedent has no surviving spouse/domestic partner and no issue (children). Cal. Prob. Code § 6402(a)–(b). The declarations of Mr. Cooley and Ms. Tyson, as well as the report of an investigator retained by Mr. Cooley to investigate Decedent's affairs, indicated that Decedent died without a will and was not married at the time of his death, but that he is survived by a three-year-old son, Frederick Marceles Cooley, Jr. ECF No. 18 at Exhibit A, B, and C. Because Decedent is survived by a child, his parents inherit nothing. Instead, Frederick Marceles Cooley, Jr. is Decedent's proper successor in interest. Accordingly, the court denied the Parents' motion for substitution because they are not Decedent's successors in interest. ECF No. 23.

Nevertheless, because Frederick Marceles Cooley, Jr. is a minor, the court explained that Mr. Cooley *could* be appointed guardian ad litem as long as Frederick Marceles Cooley, Jr. filed a motion seeking appointment as such. ECF No. 23 at 2. That motion would have to be filed by an attorney representing Frederick Marceles Cooley, Jr. Id. (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.")). The court gave Frederick Marceles Cooley, Jr. until November 8, 2015 to file such a motion, with a warning that failure to do so would result in the dismissal of this case. Id. at 3. Frederick Marceles Cooley, Jr. has yet to file a motion to appoint a guardian ad litem and Mr. Cooley has not otherwise responded to the court's order.

Normally, in light of Frederick Marceles Cooley, Jr.'s failure to file a motion to be appointed guardian ad litem and timely seek substitution, the court would recommend that this case be dismissed. However, events have transpired in another case before this court that convince the undersigned a second extension of time is necessary. Frederick Marceles Cooley v. City of Vallejo, et al., Case No. 2:14-cv-00620-TLN-KJN (E.D. Cal. 2015) (hereinafter "the Judge Newman Case") is another matter in which Decedent asserts the City of Vallejo and

members of its police department arrested him with excessive force.[2][3] A review of the docket in that case reveals many similarities in how the search for a substitute to Decedent has progressed.

When the court was notified of Decedent's death in the Judge Newman Case it issued an order telling the parties that the case would be dismissed unless a valid motion for substitution was filed within ninety days. NECF No. 57.[4] Mr. Cooley filed an original and an amended motion for substitution, NECF Nos. 58, 63, but the court denied those motions there for essentially the same reasons it denied them in this case, compare NECF Nos. 62, 65, with ECF Nos. 17, 23. After denying Mr. Cooley's amended motion for substitution, the court ordered any motion for substitution by Frederick Marceles Cooley, Jr. to be filed by September 3, 2015. NECF No. 65. The court explained, as it did in this case, that if Mr. Cooley wished to be involved he would have to be appointed Frederick Marceles Cooley, Jr.'s guardian ad litem. Id. No motion to appoint a guardian ad litem or amended motion for substitution was filed, and so the court recommended that the case be dismissed pursuant to Federal Fule 25(a)(1). NECF No. 68.

However, Frederick Marceles Cooley, Jr.'s mother (Jennifer Johnson)[5] filed objections to the findings and recommendations on October 22, 2015, arguing that the ninety-day period had yet to run because the proper successor in interest was never served with a notice of death. NECF No. 69. In an order responding to Ms. Johnson's objections filed on October 29, 2015, the court granted a ninety-day extension within which a motion for substitution and a motion to appoint a guardian ad litem could be filed by Frederick Marceles Cooley, Jr. Id.

---

[2] The arrest at issue in the Judge Newman Case is not the same arrest at issue in this case.

[3] The court hereby takes judicial notice of the filings in the Judge Newman Case. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally known or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The filings in the Judge Newman Case can be determined "from sources whose accuracy cannot reasonably be questioned." Id.

[4] Citations in this order to docket entries in the Judge Newman Case are denoted "NECF," instead of "ECF."

[5] Ms. Johnson's first name is spelled with two "n"s in some places and one "n" in others in her objections. NECF No. 69. The court spells Ms. Johnson's name with two "n"s throughout this order for the sake of consistency.

Rule 25(a)(1) provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and *upon persons not parties in the manner provided in Rule 4 for the service of a summons*, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record *by service of a statement of the fact of death as provided herein for the service of the motion*, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1) (emphasis added). Thus, in order for the ninety-day period to commence "a party must formally suggest the death of the party on the record" and "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); see also McNeal v. Evert, No. 2:05-CV-441-GEB-EFB, 2015 U.S. Dist. LEXIS 49133, at *4–6 (E.D. Cal. Apr. 13, 2015) (M.J. Brennan). Parties may be served in accordance with Federal Rule 5, while nonparty successors and representatives must be served in accordance with Federal Rule 4. Barlow, 39 F.3d at 233.

Service of process upon an "infant" or "incompetent person" under Rule 4 is governed solely by the law of the state in which the service is made. Fed. R. Civ. P. 4(g). Under California law "[a] summons may be served on a minor by delivering a copy of the summons and of the complaint to his parent, guardian, conservator, or similar fiduciary, or, if no such person can be found with reasonable diligence, to any person having the care or control of such minor or with whom he resides or by whom he is employed." Cal. Civ. Proc. Code § 416.60. Defendants have not filed proof of service upon Frederick Marceles Cooley, Jr. or his guardian, Jennifer Johnson.

In accordance with the foregoing, the court will order defendants to serve a suggestion of death upon Frederick Marceles Cooley, Jr. and Ms. Johnson. Defendants must file proof of service upon Frederick Marceles Cooley, Jr. and Ms. Johnson within fourteen days. See Local Rule 135(c). Once defendants have done so, Frederick Marceles Cooley, Jr. will have ninety days to file a motion for substitution and motion to appoint a guardian ad litem. Failure to do either of the foregoing will result in the undersigned recommending that this case be dismissed.

In summary, Ms. Johnson's objections in the Judge Newman Case show that to trigger the running of Rule 25's ninety-day deadline defendants must first serve Frederick Marceles Cooley, Jr. with a suggestion of death. Accordingly, the court will order defendants to file proof of personal service upon Frederick Marceles Cooley, Jr. and Ms. Johnson within fourteen days. Once defendants have done so Frederick Marceles Cooley, Jr. will have ninety days to file a motion to appoint a guardian ad litem and a motion for substitution.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Defendants shall file proofs of service of a suggestion of death upon Frederick Marceles Cooley, Jr. and Ms. Johnson within fourteen days of the service of this order;

2. Any motion for substitution by Frederick Marceles Cooley, Jr., accompanied by a motion to appoint a guardian ad litem, shall be filed by a licensed attorney within ninety days of the service of the suggestion of death in accordance with the terms of this order;

3. If a proper and timely motion for substitution is not filed the court will issue findings and recommendations for dismissal of this action; and

4. The Clerk of Court shall serve a copy of this order on Jennifer Johnson at 29 Frey Place, Vallejo, CA 94590 (the address listed on the objections filed by Ms. Johnson in the Judge Newman Case).

DATED: November 20, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE